UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **PATRICK STEVENS TOLIVER** | **CIVIL ACTION NO. 20-728-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **CADDO PARISH SHERIFF'S OFFICE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Patrick Stevens Toliver ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 8, 2020. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He claims his civil rights were violated by prison officials. He names the Caddo Parish Sheriff's Office, the Caddo Parish Commission, and Steve Prator as defendants.

Plaintiff claims his cell was infested with brown recluse spiders. He claims the staff was aware of the problem and should not have ordered him or permitted him to return to his cell because of the spiders. He admits the staff had his cell sprayed twice.

Plaintiff claims that between April 22, 2020 and April 23, 2020, he was bitten by a spider. He claims ARP Officer Sgt. Englade rejected his grievance three times because he cannot tell Sgt. Englade the exact time the spider bit him.

Plaintiff claims that on April 24, 2020, he was seen by the sick call nurse concerning his left hand. He claims the nurse placed him on the doctors' list for April 28, 2020. He claims the condition of his hand worsened and he informed the medical staff that his hand needed to be reevaluated because of the pain and swelling he was experiencing.

Plaintiff claims he was called to the medical department on April 27, 2020, to reevaluate the condition of his hand. He claims the medical staff then transported him to the hospital. He claims that when he arrived at the hospital, his blood pressure was elevated. He claims his hand required emergency surgery. He claims that after his surgery, he was admitted to the hospital.

Plaintiff claims that on April 28, 2020, the doctors advised him that he needed another surgery. He claims that on April 29, 2020, he was released to Caddo Correctional Center. Plaintiff claims the medical staff performed his treatments which consisted of soaking, packing, and redressing his hand three times a day.

Plaintiff claims he still suffers from nerve damage to his left hand, constant pain, and high blood pressure.

Accordingly, Plaintiff seeks monetary damages, payment of his past and future medical bills, court costs, and filing fees.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff claims his cell was infested with spiders. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere

neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint and amended complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id.  The mere presence of spiders does not rise to the level of a constitutional violation. Simmons v. Gusman, 2016 WL 1441745 (E.D. La. 2016)(Not Reported).  See Alex v. Stalder, 73 F. App'x 80 (5th Cir. 2003) ("Alex's assertions that he has been bitten by ants and spiders, for which … he received medical treatment, do not establish deliberate indifference"). "Spiders are not uncommon in an ordinary home, and their presence does not constitute the kind of 'extreme deprivation' of 'life's necessities' required to show deliberate indifference." Hubbard v. Denmark, 1:13-cv-498, 2014 WL 4384328, at *5 (S.D. Miss. Sept. 3, 2014); see also Frechou v. Allison, 1:08-cv-1396, 2010 WL 578493 (S.D. Miss., February 11, 2010) (rejecting claim of lack of pest control for ants and spiders, resulting in plaintiff being bitten by ants at times); Armstead v. Hanson, 2007 WL 519671, (W.D. La. Jan. 22, 2007) ("[T]he presence of spiders and spider webs in a building are a common occurrence").

Additionally, there are no allegations that Defendants acted with a culpable state of mind in allowing spiders into the facility. In fact, Plaintiff admits that his cell was sprayed twice for spiders.

"The conditions described by plaintiff, while plainly nor comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." Green v. Gusman, 15-1738, 2016WL3033541, (E.D. La.May 6, 2016). The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." Id. (citing Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982)). The courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Id. Thus, Plaintiff's claim has failed to satisfy the components of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**Medical Care**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the

conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that on April 24, 2020, he was seen by the sick call nurse concerning his left hand and the nurse placed him on the doctors' list for April 28, 2020. He admits he was called to the medical department on April 27, 2020, to reevaluate the condition of his hand after he complained. He admits the medical staff then transported him to the

hospital. On April 29, 2020, he was released to Caddo Correctional Center and he admits the medical staff performed his treatments which consisted of soaking, packing, and redressing his hand three times a day.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

To the extent Plaintiff claims he was denied medical care, his allegations if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure**

Plaintiff claims he filed three grievances in the administrative remedy procedure which were denied because he did not know the exact date the spider bit him. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure.

See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D.La.2000); Brown v. Dodson, et al., 863 F.Supp. 284 (W.D.Va.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231.

Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the defendants failed to have and/or comply with a prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of February, 2023.

Mark L. Hornsby
U.S. Magistrate Judge